UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:05-cr-291-T-02JSS

ROBERT NORCROSS

_____/

**ORDER ON MOTION FOR REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)**

Before the Court is Robert Norcross' motion for reduction in sentence ("compassionate release") filed pursuant to 18 U.S.C. § 3582 (c)(1)(A), as amended by the First Step Act of 2018 (Dkt. 66), his supplemental responses (Dkts. 72, 76, 79), and the United States' responses in opposition (Dkts. 71, 73, 78). After reviewing the submissions of the parties, the Court denies the motion on the merits.

**Background**

Mr. Norcross is 41 years old and incarcerated at the satellite camp of the federal correctional institution located in Jesup, Georgia. In 2005, he pleaded guilty to one count of conspiracy to distribute five or more kilograms of cocaine and one count of possessing a firearm in furtherance of a drug trafficking crime. Dkts. 15, 17, 20, 26. Defendant faced a sentence imposed under the career

offender guideline (Dkt. 65 at 2) with a range of 262 months to 327 months' imprisonment on the drug count based on his criminal history and the quantity of cocaine, in addition to a consecutive 60 months in prison on the gun count for a total range of 322 to 387 months.  Dkt. S-60 (PSR), ¶¶ 16, 23, 32, 35, 36-42, 63–65.

The sentencing court granted the United States' oral motion for a two-level downward departure based on substantial assistance, resulting in a guidelines range of 210 to 262 months for the drug count.  Dkts. 31, 29.  Defendant received a sentence at the bottom of the guidelines for 210 months in prison on the first count, followed by a consecutive 60-month minimum mandatory on the firearms count for a total prison term of 270 months.  Dkt. 33 at 2.  His present release date is November 2022.  Dkt. 71 at 2; Dkt. 66 at 2.

Mr. Norcross requests release in light of the pandemic and his medical conditions which he alleges place him at a higher risk of severe illness or death if he contracts the coronavirus COVID-19.  Dkt. 66 at 1.  He suffers from a "compromised immune system" (Dkt. 66 at 1), hypertension, and an iron deficiency[1] and receives medication for the latter two conditions.  Dkt. 72 at 7–9.

---

[1] Medical records for Defendant indicate that one medication is actually used to treat his diagnosed restless leg syndrome.  Dkt. 73-1 at 1, 4.

The documentation he provides does not reveal that any medical condition is severe or substantially diminishes his ability to provide self-care in prison.[2]  Dkt. 72 at 16–27; *see* U.S.S.G. § 1B1.13, comment n.1(A) (serious medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover".  Hypertension, if treated, has been found insufficient to justify compassionate release because it is not an extraordinary and compelling reason as required by 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.13.  *See United States v. Copeland*, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (holding hypertension treated by medication is "hardly an extraordinary condition" warranting release based on the virus, COVID-19).  Though he emphasizes his record of good behavior, including drug treatment and sound work ethic through developing productive skills (Dkt. 66 at 7), rehabilitation alone does not warrant release.  28 U.S.C. § 994(t); *United States v. Feldman*, No. 8:14-cr-521-T-27AEP, 2020 WL 3799530, at *2 (M.D. Fla. July 7, 2020).

After the instant motion was filed, however, Defendant tested positive for COVID-19 but showed no acute symptoms and was labeled "asymptomatic."  Dkt. 78-1.  In Defendant's most recent supplement to his motion, he provides an update

---

[2] He does not allege any other conditions in his motion and supplements.

that he now tests negative and "is no longer contagious." Dkt. 79 at 2. He asserts if he remains incarcerated, he "will undoubtedly contract it a second time" and points out he has less than 10 percent of his sentence remaining. Dkt. 79 at 3.

## Applicable Considerations

The United States confirms Mr. Norcross has complied with 18 U.S.C. § 3582(c)(1)(A) by either exhausting his administrative remedies or the lapse of 30 days from his unanswered request to the warden for release. Dkt. 78. Addressing the merits of his motion, the Court finds 1) no extraordinary and compelling reason exists for release, 2) the § 3553(a) factors weigh against his release, and 3) Defendant has not demonstrated he is not a danger to the community. Defendant's documented hypertension is treated by medication, as is his iron deficiency. Dkt. 72 at 16–19. Hypertension, and especially if treatable, by itself is not an extraordinary and compelling reason for release, even when coupled with the present pandemic. *See Copeland*. His conditions do not otherwise fall within the circumstances set forth in the policy statement or the criteria set forth in the application notes. U.S.S.G. § 1B1.13. Moreover, Defendant has had the good fortune of experiencing few or no symptoms.

Additionally, the § 3553(a) factors weigh against his release. Mr. Norcross initially had a criminal history category of VI as a career offender at the time of sentencing. Dkt. S-60, ¶41. His prior criminal conduct consisted of drug

4

trafficking and a felony battery, at least arguably a violent crime. Dkt. 72 at 10–11; Dkt. 71 at 2; Dkt. S-60, ¶32. His downward departed 210-month prison sentence, followed by a 60-month mandatory minimum, reflects the seriousness of the crime of trafficking in cocaine and using a firearm in the furtherance of its commission and also protects the public from further drug-related crimes of the Defendant. This fact also weighs against a finding that he is not a danger to others or the community. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).[3]

Accordingly, Defendant's motion (Dkt. 66), as further supplemented, is denied.

**DONE AND ORDERED** at Tampa, Florida, on August 28, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Mr. Norcross requests home confinement, this Court does not have the authority to grant such a request. *See United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020) (holding the location of imprisonment is within discretion of Bureau of Prisons and citing *United States v. Calderon*, 801 F. App'x 730, 731–32 (11th Cir. 2020), which holds district courts lacks jurisdiction to order home confinement under Second Change Act). In any event, based on information provided by the BOP to the United States, Mr. Norcross "was evaluated for [the home confinement program relative to this pandemic] but not deemed a suitable candidate given his criminal history and risk of recidivism." Dkt. 71 at 10–11 n. 2.